COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-037-CR

 

 

JOHNNY JR. BAKER A/K/A JOHNNY BAKER, JR.                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Johnny Jr. Baker a/k/a Johnny
Baker, Jr. appeals his conviction for aggravated robbery with a deadly
weapon.  In three issues, appellant
complains that: (1) the trial court erred in failing to grant a mistrial based on
the prosecutor=s improper
argument regarding the punishment range for aggravated assault, (2) the trial
court erred in overruling the admission of certain grand jury testimony
regarding appellant=s state of
mind, and (3) the trial court erred in failing to admit the rest of a
conversation between appellant=s brother and a police officer. 
We affirm.

Appellant=s mother, Denise Baker, told appellant and his family members that
Daniel Boykins had choked and assaulted her on April 20, 2004.  After Denise relayed this story to appellant,
he went into her bedroom closet and obtained a semi-automatic handgun.  Appellant then gathered his brother Donny
Baker, armed with a club, and Michelle Mann, armed with a knife, to go the
apartment where Daniel lived with Beverly Lewis and confront Daniel about
attacking Denise. 

When Donny, Michelle, and
appellant arrived at the apartment, Michelle knocked on the door and claimed to
be Beverly=s
neighbor.  When Beverly opened the door,
Donny, Michelle and appellant entered the apartment.  Beverly testified that appellant stuck the
handgun in her face, almost touching her head, and she thought she was going to
die.  Donny then ran into the bedroom and
struck Daniel with the club.  Daniel then
fled the apartment through a patio door. 
Meanwhile, appellant took money from Beverly=s purse as Michelle held the knife in her hand and said, ABitch, do you want to get cut?@   








After the three attackers
fled on foot, Daniel located a police officer on patrol in the apartment
complex.  Additional officers were then
summoned to Daniel=s
apartment.  The officers found Beverly
still in the apartment, very upset, and recovered a small bat wrapped with tape
that was eventually identified as the club carried by Donny.  A knife was never recovered.  The handgun appellant allegedly used was
found to have been purchased by Denise in December 2003 and sold by her one
week after the attack.

Daniel later identified the
attackers in photographs presented by detectives.  Donny was a juvenile at the time of the
offense, but appellant and Michelle were adults.  Michelle and appellant were indicted for the
crime, and Michelle later entered into a plea bargain with the State to testify
against appellant.  In exchange for her
testimony, the State agreed to place her on deferred adjudication community
supervision for ten years.  

After hearing all the
evidence, the jury found appellant guilty of aggravated robbery with a deadly
weapon on January 7, 2005.  The jury
sentenced appellant to six years= imprisonment and a $1,000.00 fine. 
This appeal followed. 

In his first issue, appellant
complains that the trial court erred in failing to grant a mistrial based on
the prosecutor=s improper
closing argument during the guilt-innocence phase of the trial in which
appellant contends that the prosecutor improperly referred to the range of
punishment for a lesser offense.

At closing, the prosecutor
made the following remarks:








Now,
this is the guilt/innocence phase, not the punishment phase. . . . We=re
just looking at whether or not this man committed aggravated robbery, not what
. . . .

 

sort
of punishment he gets . . . . If all 12 of you deliberate, as you should, and
only if all 12 of you say he is not guilty of this, then and only then do you
move to the robbery or aggravated assault. 
But you learned in voir dire this is what range of punishment, second
degree, 2 to 20 years. 

 

After sustaining appellant=s objection to this statement, the trial court instructed the jury as
follows:

[Y]ou=ve
been notified of the charge.  You will
consider yourself solely with the issue, and that is guilty or not guilty of
any particular offense.  Any particular
punishment is irrelevant, you won=t consider it unless and
until you return a guilty verdict. 

 








When the trial court sustains an objection and instructs
the jury to disregard but denies a defendant=s motion for a
mistrial, the issue is whether the trial court abused its discretion in denying
the mistrial.[2]  Only in extreme circumstances, when the
prejudice caused by the improper argument is incurable, will a mistrial be
required.[3]  In determining whether the trial court abused
its discretion in denying the mistrial, we balance three factors:  (1) the severity of the misconduct
(prejudicial effect), (2) curative measures, and (3) the certainty of
conviction absent the misconduct.[4]  








All of these factors weigh in favor of the trial court=s denial of
appellant=s motion for a mistrial in this case.  First, the
prejudicial effect of the prosecutor=s single reference to the range of punishment of a lesser included
offense is very slight.  She only
referred to the range of punishment once during her argument. Second, the
curative measures applied by the trial court to mitigate the slight prejudicial
effect of the prosecutor=s remarks
were more than adequate.  The trial court
not only instructed the jury to disregard the prosecutor=s statements, but on its own initiative, the trial court asked the
jurors as a whole whether they understood the instruction on two separate
occasions.  Both times, several jurors
answered that they understood the instruction and could follow it. Appellant
has presented no evidence to rebut the presumption that the jury followed the
instruction to disregard.[5]  Third, the conviction is supported by more
than ample evidence.  It is virtually
certain that the jury would have found appellant guilty of aggravated robbery
even absent the range-of-punishment remarks. 


Therefore, we conclude that
the trial court=s
instruction to disregard was effective and cured the prejudice, if any, caused
by the prosecutor=s
comment.  We overrule appellant=s first issue. 

In his second issue,
appellant complains that the trial court erred in overruling the admission of
grand jury testimony as to the state of mind of the defendant.  Appellant complains of the exclusion of
evidence that Denise told him about a conversation in which Beverly told Denise=s boyfriend, Lloyd Lewis, to come get some money.  Appellant does not, however, explain how a
conversation about money goes to appellant=s state of mind.  Because
appellant has failed to adequately brief this issue on appeal, we overrule his
second issue.[6]   








In his third issue, appellant
complains that the trial court erred in failing to admit the rest of the
conversation between appellant=s brother and a police officer. 
Although appellant contends that the testimony requested is admissible
under the rule of optional completeness, he does not cite any place in the
trial record where the excluded testimony might fit as a continuation on the same
subject.[7]  That is, he does not show where the rest of
the conversation had already been admitted or that his request was timely.  Because appellant failed to adequately brief
this issue on appeal, we overrule his third issue.  

Having overruled all of
appellant=s issues, we
affirm the trial court=s
judgment.  

 

PER CURIAM

PANEL A:   CAYCE,
C.J.; DAUPHINOT and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
February 9, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim.
App. 2004).  





[3]Id. (stating that improper argument is
incurable when it is Aso prejudicial that expenditure of
further time and expense would be wasteful and futile@); see also Simpson v. State,
119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied, 124 S. Ct.
2837 (2004).  





[4]Hawkins, 135 S.W.3d at 77; Mosley v.
State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S.
1070 (1999).





[5]See
Westbrook v. State, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000),
cert. denied, 532 U.S. 944 (2001). 





[6]See Tex. R. App. P. 38.1(h); Tong v. State,
25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 1053
(2001).





[7]Issues
presented without argument or authorities are waived. See Tex. R. App. P. 38.1(h); Cardenas v.
State, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000).